**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STATE OF NEW JERSEY, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action<br>No. 23-5258 (KMW-EAP) |
| PETER DIPIETRO, | **OPINION** |
| Defendant. | |

APPEARANCES:

PETER DIPIETRO
P.O. BOX 430
CLAYTON, NJ 08312

    *Pro Se Plaintiff*

**WILLIAMS, District Judge:**

### I. INTRODUCTION

Pro se plaintiff Peter DiPietro ("Plaintiff") brings this action against the State of New Jersey, Camden County Halls of Justice, Camden County Prosecutor's Office, Evesham Police Department, and Officer Randy Molina ("Defendants") alleging that Defendants lack subject matter and personal jurisdiction over him as related to a criminal case in State Court (provided as Ind # 18-02-215) because he is "sovereign" and not a "U.S. Citizen," and that Officer Molina specifically filed false police reports, gave false testimony to a grand jury, and filed false charges against Plaintiff related to his lack of license while driving in June of 2019, and that the institutions involved denied him various Constitutional rights.

On August 16, 2023, Plaintiff sought to remove his criminal matter from Camden County Superior Court. ECF No. 1. On November 11 and 27 of 2023, Plaintiff amended his Complaint, and on February 5, 2024, Plaintiff filed a Motion to Dismiss. ECF Nos. 6, 8, 11. For the reasons that follow, Plaintiff's case will be **REMANDED**, rendering Plaintiff's Motion to Dismiss as **MOOT**.[1]

### II. BACKGROUND

Plaintiff's criminal matter stems from a traffic stop that occurred on June 10, 2019. *See* Notice of Removal ¶ 23. Plaintiff asserts that his Fourth Amendment rights were violated when he was stopped for not wearing a seat belt. *Id.* During this encounter, Defendant Officer Randy Molina asked for Plaintiff's driver's license, which Plaintiff did not have as he declined to renew it in 2010 because he considers himself not to be a U.S. Citizen. *Id.* ¶¶ 11, 14, 24-25, 27. Defendant Officer Randy Molina issued Plaintiff three tickets and was subsequently arrested on

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

an outstanding warrant for child support. *Id.* ¶¶ 27-28. Plaintiff asserts that there were various deficiencies in his initial arrest for unpaid child support and that the detectives involved in his subsequent grand jury proceedings gave false and inconsistent statements, and that ultimately, he was arrested again and incarcerated for "criminal contempt" that he believes he was not properly charged or indicted for.[2] Plaintiff then attempted to remove the criminal matter to this Court, asserting that the state court did not have jurisdiction over the matter because he does not consider himself a U.S. Citizen,[3] seeking removal pursuant to 28 U.S.C. § 1455.

Since that time Plaintiff has filed two Amended Complaints and a "Motion to Dismiss" which reads as an Amended Complaint: in it, Plaintiff is seeking this Court to dismiss the underlying criminal matter at the heart of his notice of removal, and seeks to include other grievances that Plaintiff has against his Public Defender, Judge McBride, and Assistant County Prosecutor Jentsch, asserting that, along with Defendant Officer Molina and Detective Burckhardt, conspired to incarcerate him for ten years and violated his Fourth Amendment rights, and his rights to travel, to a fair trial, to a speedy trial, to file motions, and had him illegally arrested and incarcerated for a total of 29 days. *See* Motion to Dismiss ¶¶ 1-2.

### III.  LEGAL STANDARD

District Courts are courts of limited jurisdiction, and parties cannot confer jurisdiction to such a court to hear any case unless jurisdiction has already been vested by the Constitution and Congress. *See In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). Removal statutes are to be

---

[2] The Court notes that, after Defendant Officer Molina had pulled Plaintiff over for failure to wear a seat belt, Plaintiff placed a lien against Defendant Officer Molina's property. *Id.* ¶ 41; *see attached* Grand Jury minutes reflecting Plaintiff had filed two UCC liens in the amount of $10,800,000.00 each on Defendant Officer Molina's property. It was the filing of the UCC liens that prompted the investigation and grand jury indictment after Plaintiff's roadside encounter and was unrelated to the initial arrest for unpaid child support.

[3] The Court notes that Plaintiff believes himself to be "sovereign" because he refuses to "engage" with the state of New Jersey by opting out of renewing his driver's license and terminating his voter registration. *Id.* ¶¶ 11, 14-16. He notes that he is not a member of the "Sovereign Citizens" group which is characterized in this pleading as a domestic terrorist organization. *Id.* ¶¶ 36-37.

3

"strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (internal citation and quotations omitted). The party asserting that federal jurisdiction exists in a removal case "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court," and thus bears a "heavy burden of persuasion." *See New Jersey v. Lewis El*, No. 23-2326, 2023 WL 6843319 at *2 (D.N.J. Oct .17, 2023) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (superseded by statute on other grounds); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

Criminal prosecutions may be removed from the state courts to federal courts under very limited circumstances, especially when the criminal defendant is not acting as an officer of the United States.[4] *See Jackson-Bey v. New Jersey*, No. 20-15427, 2021 WL 858610 at *1 (D.N.J. Mar. 8, 2021) (citing *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016); 28 U.S.C. §§ 1442, 1443, 1455) (discussing that 28 U.S.C. § 1442 requires the removing party be an officer of the United States, 28 U.S.C. § 1442(a) requires the removing party to be a member of the armed forces of the United States, and 28 U.S.C. § 1443(2) is similarly restricted to federal officers "and those acting under them."). This is because "the regulation of crime is pre-eminently a matter for the States," and so there is a "strong judicial policy against federal interference with state criminal proceedings." *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975)).

28 U.S.C. § 1455 provides for the procedural requirements for removal, requiring the party removing the matter to file a notice of removal "not later than 30 days after the arraignment in the

---

[4] The Court notes that Plaintiff affirmed that he is not a government employee, (*see* Motion to Dismiss, ¶ III), and has not alleged that he is state officer or member of the armed forces, and thus such avenues for removal are foreclosed.

4

State court, or any time before trial, whichever is earlier." 28 U.S.C. § 1455(b). This section also mandates that, after prompt examination of the notice, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

## IV. DISCUSSION

### A. Remand

On the face of Plaintiff's notice of removal, the Court cannot ascertain whether the notice of removal was filed within 30 days after Plaintiff's arraignment in accordance with 28 U.S.C. § 1455(b). However, the Court notes that there are other aspects of Plaintiff's notice that require this Court to remand this action to the state pursuant to 28 U.S.C. § 1443.[5]

28 U.S.C. § 1443(1) constrains removal by the substance of the underlying action, providing in pertinent part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443(1).

Generally, removal is not warranted when the allegations simply state that the underlying charges were unconstitutional, or that there was no basis in fact for those charges, or that their arrest and prosecution "otherwise denied them their constitutional rights." *Jackson-Bey*, 2021 WL

---

[5] The Court notes that Plaintiff asserts diversity jurisdiction as well, but diversity jurisdiction is solely applicable to civil actions. *See* 28 U.S.C. § 1332. Further, Plaintiff's theory for diversity, that he is "sovereign" from state court jurisdiction and thus not a citizen of New Jersey, is not one accepted by this Court. *Lewis El*, 2023 WL 6843319 at *2 n.8.

5

858610 at *2 (quoting *In re Oke*, 436 F. App'x 138, 139 (3d Cir. 2011)). "The allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal[.]" *Id.* (quoting *Brown-Bey*, 637 F. App'x at 688).

Rather, to satisfy the standard of removal pursuant to 28 U.S.C. § 1443(1), a removing party must show that 1) "he or she is being deprived of rights guaranteed by a federal law providing for equal civil rights" and 2) "that he or she is denied or cannot enforce that right in state court." *St. James Assocs. v. Larsen*, 67 Fed. App'x 684, 686 (3d Cir. 2003).

Under the first element, the party seeking removal "must allege a deprivation of rights guaranteed by a federal law 'providing for *specific civil rights stated in terms of racial equality.*'" *Lewis El*, 2023 WL 6843319 at * 3 (quoting *Delaware v. Desmond*, 792 Fed. App'x 241, 242 (3d Cir. 2020)). Stated simply, "§ 1443 applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights." *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 791-92 (1966)) (holding that 28 U.S.C. § 1443(1) only protects "a limited category of rights," those that are "specifically defined in terms of racial equality," and that broad contentions under other Constitutional amendments are insufficient if "the guarantees of those clauses are phrased in terms of general application available to all persons or citizens[.]").

Here, Plaintiff fails to articulate any deprivations of rights based on race as required. While Plaintiff asserts various violations that fall under the Fourth Amendment, such allegations do not satisfy the first element of 28 U.S.C. § 1443(1): an "invocation of the Fourth, Fifth, and Sixth Amendments do not meet [the statute's] standard as they are general constitutional rights and not 'rights granted in terms of equity,'" rather the Fourth Amendment guarantees rights of "general applicability." *Id.* (internal citations and quotations omitted). Similarly, the right to a speedy trial

is also not based in racial equality. *New Jersey v. Shokirjoniy*, No. 18-8619, 2020 WL 2832580 at *3 (D.N.J. May 29, 2020). Plaintiff did not assert that any of his rights were denied on account of his race in any of the pleadings he provided to this Court, and thus cannot satisfy the first element required for removal pursuant to 28 U.S.C. § 1443(1).

Even if Plaintiff were to aver the required racial aspect to satisfy the first requirement of the removal statute, he would remain unable to satisfy the second requirement: that he would be denied or cannot enforce his right(s) in state court. "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Shokirjoniy*, 2020 WL 2832580 at *2 (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28, (1966)). This is a high standard that requires the party requesting removal to "identify [a] provision of [New Jersey] statutory or constitutional law that would preclude the protection of his equal rights guaranteed by the United States Constitution . . . [or] demonstrate that the [New Jersey] courts would not afford him the full protections of the law." *Brown-Bey*, 637 Fed. App'x at 688-89. It is the expectation that the protection of federal constitutional or statutory rights can be adequately realized in state proceedings. *Shokirjoniy*, 2020 WL 2832580 at *3. Thus, to demonstrate that one's rights would be denied requires a party to point to a "manifest" and "formal expression of state law" such as a constitutional provision or state statute, rather than a ruling that happened within the confines of a trial. *Id.* In "rare" circumstances, a party seeking removal could rely on a "firm prediction" that his rights would be denied in state court even absent a discriminatory state law where the federal right in question would be "inevitably denied by the very act of being brought to trial in state court." *Id.* at *4 (internal

7

citations and quotations omitted). It is not enough to support removal even in situations where a party's

> federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial.

*Peacock*, 384 U.S. at 827-28. The vindication of federal claims under the vast majority of circumstances should come from direct review by a federal court if those claims are not vindicated by the trial or reviewing courts of the state, rather than through the removal process. *Id.* at 828.

Here, Plaintiff does not allege any state law or state constitutional amendment that would expressly prohibit him from enforcing any of his federally protected rights in state court, nor has he demonstrated that he is facing one of the exceedingly rare circumstances where the mere act of criminal prosecution would inevitably deny him his federal civil rights. While Plaintiff does assert that Judge McBride "conspired to falsely convict and incarcerate" him, he does not provide any factual basis for this conclusion. The Court notes its obligation to construe pro se complaints liberally, but that this duty does not require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions" that do not allege sufficient facts to support such claims. *See Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citations omitted).

Therefore, Plaintiff has failed to satisfy both requirements for removal pursuant to 28 U.S.C. § 1443(1), and therefore his matter must be remanded because this Court does not have jurisdiction to hear his claims.[6]

## V. CONCLUSION

For the reasons set forth above, Plaintiff's matter will be **REMANDED**. Therefore, Plaintiff's Motion to Dismiss is rendered **MOOT**. An order consistent with this Opinion will be entered.

September 12, 2024

KAREN M. WILLIAMS, U.S.D.J.

---

[6] While it is unclear to the Court if the underlying criminal matter has been resolved, to the extent that Plaintiff's criminal matters have come to a final decision on the merits, the Court would not be able to provide the relief Plaintiff seeks regardless: it cannot independently engage in a "criminal investigation into the [underlying state] case," nor can the Court "dismiss[] and discharge" a criminal indictment. Simply put, federal courts do not sit in review of state courts. When a plaintiff believes the state trial court reached an "erroneous conclusion," they are not completely deprived of a second action, however the matter can only be corrected by direct review, (*i.e.* appealing to the state appellate court, which sits "above" the state trial court in review). *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398-99 (1981). "A judgment merely voidable . . . based upon an erroneous view of the law is not open to [a] collateral attack" (*i.e.* bringing a case from a state court to a federal district court, which is parallel or collateral to the state courts), "indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments[.]" *Id.* Stated differently, if Plaintiff believes that the court in his New Jersey state case made an error during trial, or incorrectly applied the law in its adjudication of the case, this Court does not have the authority to intervene nor disturb those rulings. If Plaintiff wishes to pursue any such claims of error, such claims must proceed through the state appellate process.